UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS O. VALDEZ, | ) | CASE NO. 1:18CV81 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| WARDEN LASHANN EPPINGER, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the undersigned on a motion to dismiss filed by Warden Lashann Eppinger ("Respondent"), Warden of the Grafton Correctional Institution, on April 16, 2018. ECF Dkt. #8. Petitioner Carlos O. Valdez filed his federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2018.[1] ECF Dkt. #1. After Respondent filed the motion to dismiss, Petitioner filed a traverse on May 14, 2018. ECF Dkt. #9. For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #8) and DISMISS Petitioner's habeas petition (ECF Dkt. #1) in its entirety with prejudice.

## I. SYNOPSIS OF THE FACTS

The Fifth District Court of Appeals, Ashland County, Ohio, set for the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999). As set forth by the Fifth District Court of Appeals, the facts are:

> On November 7, 1988, defendant-appellant, Carlos O. Valdez (appellant), was indicted on four counts of rape in violation of R.C. 2907.02(A)(2). Appellant was tried before a jury and defended said charges on the basis of consent.

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

> On January 12, 1989, the jury returned a verdict finding appellant guilty on counts three and four, i.e., cunnilingus and fellatio. However, the jury found appellant not guilty on counts one and two, i.e., vaginal and anal intercourse. Thereafter, the trial court entered convictions on counts three and four and sentenced appellant accordingly.

*State v. Valdez*, 5th Dist. Ashland No. CA-920, 1989 WL 139851 (Nov. 13, 1989).

## II.     PROCEDURAL HISTORY

On November 7, 1988, Petitioner was indicted by the Ashland County Grand Jury on four counts of rape in violation of Ohio Revised Code § 2907.02(A)(2). ECF Dkt. #8-1 at 3. The jury found Petitioner guilty on the third and fourth counts and not guilty on the first and second counts. *Id.* at 10. On January 13, 1989, the trial court sentenced Petitioner to consecutive sentences of eight to twenty-five years on each count. *Id.* at 11.

Petitioner filed a timely notice of appeal in the Fifth District Court of Appeals on January 31, 1989. ECF Dkt. #8-1 at 14. On November 13, 1989, the Fifth District Court of Appeals affirmed the judgment of the trial court. *Id.* at 117. Petitioner then filed an appeal to the Supreme Court of Ohio. *Id.* at 212. On February 28, 1990, the Supreme Court of Ohio dismissed Petitioner's appeal *sua sponte* for failure to raise a substantial constitutional question. *Id.*

Petitioner filed a petition to vacate or set aside his sentence on December 13, 1991. ECF Dkt. #8-1 at 124. On December 31, 1991, the trial court dismissed Petitioner's motion on the basis of *res judicata* because the issues raised therein were identical to the issues raised on direct appeal. *Id.* at 155. Petitioner did not appeal the dismissal of his motion.

On October 20, 2016, Petitioner filed a petition for relief asserting that he was wrongfully convicted and imprisoned, and seeking monetary relief. ECF Dkt. #8-1 at 165. The trial court overruled and dismissed Petitioner's petition for relief on February 22, 2017. *Id.* at 188. On March 15, 2017, Petitioner filed a motion requesting that the court remand the decision issued on February 22, 2017, so that he could re-file the case as a civil action. *Id.* at 189. The trial court denied Petitioner's motion on May 15, 2017. *Id.* at 195. Petitioner did not appeal these decisions.

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Ohio on December 19, 2017. ECF Dkt. #8-1 at 197. On February 14, 2018, the Supreme Court of Ohio *sua sponte* dismissed Petitioner's habeas petition. *Id.* at 205.

### III.  FEDERAL HABEAS PETITION

Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on January 5, 2018. ECF Dkt. #1. In the habeas petition, Petitioner asserts the following grounds for relief:

GROUND ONE: VOID JUDGMENT

GROUND TWO: No Complaint

GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL

GROUND FOUR: Violation of Due Process [sic]

*Id.* at 5-10. Petitioner did not include any supporting facts for his first three grounds for relief. *Id.* at 5-8. In the supporting facts portion of the habeas petition for ground four Petitioner states "[n]ot given Interpreter." *Id.* at 10.

### IV.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

#### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run from the latest of:

> A.  The date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

-3-

> B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> C. The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003));

*see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.

1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> [T]hat were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

## V.  STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

-7-

529 U.S. 362, 412–13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

2. The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

3. 'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

4. The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## **VI. ANALYSIS**

In the motion to dismiss, Respondent asserts that Petitioner's habeas petition is barred by the AEDPA statute of limitations. ECF Dkt. #8 at 6. Specifically, Respondent states that Petitioner's conviction became final on May 29, 1990, after the experation of the ninety-day period allowed for an appeal. *Id.* at 7. Respondent states that if granted the one-year "grace period" given to prisoners whose convictions became final prior to enactment of the AEDPA, Petitioner should have filed his habeas petition before April 24, 1997. *Id.*

Continuing, Respondent avers that statutory tolling cannot render Petitioner's habeas petition timely as no filings were made that would toll the expiration of the statute of limitations. *Id.* at 7-8. Respondent also states that Petitioner is not entitled to equitable tolling because he was not diligent in filing his habeas petition and Petitioner has not cited any reasonable circumstances outside of his control explaining why he failed to file his federal habeas petition in a timely manner. *Id.* at 10. Additionally, Respondent asserts that Petitioner's ignorance of the law, lack of legal training, poor education, or potential illiteracy do not entitle him to equitable tolling. *Id.* at 10-11 (citing *Cobas v. Burgess,* 306 F.3d 444 (6th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999)).  Finally, Respondent contends that Petitioner does not allege actual innocence and has provided no evidence demonstrating that is its more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* (citing *McCray v. Vasbinder*, 499 F.3d 568, 572 (6th Cir. 2007).

In his traverse, Petitioner briefly responds to Petitioner's motion to dismiss. ECF Dkt. #9 at 6.  Before arguing the merits of his habeas petition, Petitioner states that it has been less than one year since the Supreme Court of Ohio entered a decision dismissing his state habeas petition and thus the AEDPA statute of limitations has not expired. *Id.*

Petitioner's argument is without merit.  Granting him the one-year "grace period" afforded to prisoners who were convicted prior to the enactment of the AEDPA, Petitioner was required to file his habeas petition on April 24, 1997. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), *cert. Denied*, 534 U.S. 1135 (2002).  Petitioner may not revive the statute of limitations by filing a state habeas petition.  Under Petitioner's argument, the AEDPA statute of limitations would be rendered meaningless since petitioners could revive their opportunity to file a federal habeas petition by simply filing a state habeas petition and waiting for the state court to act.  Further, Petitioner has not shown, and has not asserted, that he is entitled to statutory tolling or equitable tolling. *See* ECF Dkt. #9.  Likewise, Petitioner does not show or claim that he is innocent of the crimes for which he was convicted. *Id.*  Accordingly, Petitioner's habeas petition is barred by the AEDPA statute of

-10-

limitations and the undersigned recommends that the Court dismiss the habeas petition in its entirety with prejudice.[2]

## VII. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #8) and DISMISS Petitioner's habeas petition (ECF Dkt. #1) in its entirety with prejudice.

Date: October 26, 2018  */s/ George J. Limbert*
George J. Limbert
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id.*

---

[2] Petitioner has also filed a letter requesting additional documents for the purposes of preparing his traverse. ECF Dkt. #7. The traverse was filed by Petitioner on May 14, 2018, and, for the reasons explained herein, Petitioner's habeas petition is barred by the AEDPA statute of limitations. Accordingly, any issue raised in Petitioner's letter is moot.