UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


Carlos Valdez                                            Case No. 1:18CV81

        Petitioner,

v.                                                       **ORDER**

Warden Lashann Eppinger,

        Respondent


This is a habeas corpus case under 28 U.S.C. § 2254.

On October 26, 2018, Magistrate Judge Limbert filed a Report and Recommendation recommending that I dismiss Carlos Valdez's petition as time-barred. (Doc. 10). Thereafter, on November 13, 2018, petitioner filed what he styled a "Responsive Pleading" that does not address the Magistrate Judge's timeliness ruling but argues the merits of his fourth claim for relief. (Doc. 11).

Even assuming that the "Responsive Pleading" amounts to an objection to the Magistrate Judge's R&R,[1] I will, on de novo review, overrule the objection, adopt the R&R as the order of the court and dismiss the petition with prejudice.

---

[1] It is unclear whether this document is, in fact, an objection to the R&R or simply an additional brief in support of Valdez's petition. The court's docket indicates that the copy of the R&R that was mailed to Valdez on October 29 was subsequently returned to the clerk's office, along with a handwritten note saying "Wrong Inmate," on November 19. (The docket indicates the R&R was sent to Valdez at his current address and with his correct inmate number, so there does not appear to have been a mailing error). The clerk's office resent the R&R to Valdez on November 20, and there has been no further docket activity since that date.

On January 12, 1989, an Ashland County, Ohio, jury convicted the petitioner on two counts of rape. Following affirmance by the Fifth District Court of Appeals and the Ohio Supreme Court's ensuing refusal to hear a discretionary appeal, petitioner's conviction became final on May 29, 1990, when the time to file a certiorari petition expired.

Because that date predates enactment of the Anti-Terrorism and Effective Death Penalty Act, petitioner had one year after enactment of that statute in which to seek habeas relief. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

That period expired without a filing on April 24, 1997.

Confronted with the AEDPA one-year limitations bar, the petitioner contended that the petition was timely because he filed it within one year of the Ohio Supreme Court's dismissal, in February, 2018, of a state habeas petition that he had filed in December, 2017.

However, as the Magistrate Judge correctly pointed out, a state prisoner cannot breathe new life into long-dead federal claims simply by filing an unsuccessful state court challenge after the federal limitations period has expired. To hold otherwise, as the Magistrate Judge also noted, would neuter the AEDPA limitations period and thereby frustrate the congressional intent and mandate to bar stale § 2254 claims.

Finally, the Magistrate Judge found no basis to toll the AEDPA limitations period, and I likewise perceive none.

That being said, there is no merit to the petitioner's objection that seeks to address several other issues, but does not speak to the determinative issue here: namely, the untimeliness, by roughly twenty years, of his petition. That is a doorway that he must, but cannot, pass through before this court can give any consideration to the merits of his petition. Not having gotten through the limitations barrier, he cannot prevail on his objection or his petition.

It is, accordingly,

ORDERED THAT:

1. The petitioner's objections (Doc. 11) to the Magistrate Judge's Report & Recommendation be, and the same hereby are, overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 10) be, and the same hereby is, adopted as the Order of this Court; and

3. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, dismissed, with prejudice.

4. Because jurists of reason could not rationally dispute my findings and conclusions, no certificate of appealability will issue.

5. An appeal from this decision would not be in good faith, and none will be allowed absent prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge